Place of hearing: FCI Ray Brook, New York        Docket number: 8:24-MJ-270 (GLF)

Date: June 6, 2024    Prisoner Register No: 76312-054    DOJ#: 236539-03-4-4424

## VERIFICATION OF CONSENT TO TRANSFER TO CANADA
## FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

I, Mykhaylo Koretskyy, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1. My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2. My sentence will be carried out according to the laws of Canada;

3. If a court of Canada should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of Canada, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4. Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this 6th day of June 2024. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion or other improper inducements.

_____
Verifying Officer

Gary L. Favro, U.S. Magistrate Judge, N.D.N.Y
Print name and office



Correctional Service Canada       Service correctionnel Canada

Your file / Votre référence

2024-04-30

Our file / Notre référence
1820-3-KORETSKYY_Mykhaylo

Amy Chang Lee, Associate Director
International Prisoner Transfer Unit
Office of International Affairs
Criminal Division
United States Department of Justice
1301 NEW YORK AVE NW, 10th FLOOR
WASHINGTON DC  20530
USA

Dear Ms. Lee:

### RE: KORETSKYY, Mykhaylo, Reg. No. 76312-054
### FCI Loretto, Cresson, PA
### Request for Transfer to Canada

After careful consideration, the Minister of Public Safety, Democratic Institutions, and Intergovernmental Affairs, the Honourable Dominic LeBlanc, has approved the transfer from the United States of Mr. Koretskyy, incarcerated at the Federal Correctional Institution Loretto in Cresson, PA, pursuant to the *Convention on the Transfer of Sentenced Persons*.

Thank you for your cooperation in this matter.

Sincerely,

*J. Lafontaine*   Digitally signed by Lafontaine, Johanne
                  Date: 2024.04.30 07:23:18 -04'00'

Johanne Lafontaine
A/Manager, Transfers Unit
Correctional Service of Canada
340 LAURIER AVE W
OTTAWA ON  K1A 0P9
CANADA
Tel.: 613-947-9708
E-mail: internationaltransfers@csc-scc.gc.ca

c.c.:   Consular Section, Consulate General of Canada, New York, NY
        Hélène Bouchard, Embassy of Canada, Washington, DC

Canada



U.S. Department of Justice

Criminal Division

*Office of International Affairs*          *Washington, D.C. 20530*

February 9, 2023

Michel Morin, A/D
Population Management and Transfers Division
Security Branch
Correctional Service of Canada
340 Laurier Avenue West
Ottawa, Ontario K1A 0P9
Canada

    Re:    Mykhaylo Koretskyy, Reg. No. 76312-054
            Approval of Request to Transfer to Canada
            Under the COE Convention on the Transfer of Sentenced Persons

Dear Mr. Morin:

       This is to notify you that on February 8, 2023, the United States approved the request for transfer to Canada of the above-named Canadian national, who is currently incarcerated at the Loretto Federal Correctional Institution, Loretto, Pennsylvania. The application was forwarded to you on November 17, 2022. Enclosed please find a case summary addendum.

                                  Sincerely,

                                  Vaughn A. Ary
                                  Director

                                  *Amy Chang Lee/klh*

                   By:    Amy Chang Lee
                         Associate Director

Enclosure

cc (without enclosure):

Hélène Bouchard, Embassy of Canada, Washington, D.C.
Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
Kasey A. Emmons, Esq.

U.S. Department of Justice                                FEDERAL BUREAU OF PRISON

**PERSONAL DATA**

| | |
|---|---|
| 1. Committed Name: Koretskyy, Mykhaylo | |
| 2. Birth Name: | |
| 3. Federal Register Number: 76312-054 | |
| 4. Current Place of Imprisonment: North Lake Correctional Facility | |
| 5. Security Level: Low/In | |
| 6. Height: 6 ft. in. | Weight: 200 lbs. |
| 7. Date of Birth: 12-30-1974 | |
| 8. Place of Birth:  Ukraine | |
| 9. Citizenship: Canadian | |
| 10. Nationality: Ukrainian | |
| 11. Marital Status: Yulija Lazaryeva and Koretskyy were married in Toronto, ON, on June 21, 2002. Mrs. Koretskyy, age 42, is a cosmetologist and real estate agent who resides at 3 Lissom Crescent, Toronto, ON, the case address. Their marital union has produced one son. Armand Koretskyy, age 17, is a student who resides at the case address. The defendant enjoys a loving relationship with his family. | |
| 12.    Emergency Contact Person, Relationship and Location: Yulija, Wife resides in Canada | |

**SENTENCE DATA SUMMARY**

| |
|---|
| 1. Sentence: 180 Months, 3 Years SRT |
| 2. Date Sentence Imposed: 05-18-2021 |
| 3. Sentencing District: NEW YORK, SOUTHERN DISTRICT |
| 4. Criminal Docket Number: NEW YORK, SOUTHERN DISTRICT |

Current Offense:

| |
|---|
| 1. OFF/CHG: Conspiracy to Import cocaine into the United States |
| 2. Description of Current offense: The following investigation was conducted by a joint task force comprised of agents and officers of the FBI and the Royal Canadian Mountain Police. This investigation commenced in the 1990s because of law enforcement's investigation into Joaquin Guzman Loera's, a/k/a "El Chapo's" drug trafficking organization. The offense conduct was prepared from a review of court-related documents and information provided by the Government. From 2011 through January 2014, MYKHAYLO KORETSKYY and others, including Stephen Tello, conspired to distribute cocaine into and through the United States, for ultimate distribution in Canada, on behalf of into Joaquin Guzman Loera's, drug trafficking organization. In 2012, CS-1 identified Tello as someone who could assist in expanding Guzman Loera's narcotics network into Canada, and informed Guzman Loera that Tello would be traveling to Latin America to discuss the operation. CS-1 worked with a co-conspirator (CS-2) to coordinate with Tello and Tello's co-conspirators, including KORETSKYY, in Canada. CS-2 stated that Tello had the ability to transport cocaine from Los Angeles or Tijuana to Canada by truck and had clients for the cocaine in Canada. During a meeting with Guzman Loera, Guzman Loera stated to CS-2 that they were earning between $3 and $4 million per week selling narcotics in Canada. KORETSKYY controlled two trucking companies based in Canada, called Baltic Freight Lines and Lviv Trucking Ltd. On March 5, 2013, KORETSKYY flew from Toronto to Mazatlan, Mexico, to meet in person with Guzman Loera and CS-1 to discuss the transportation of drugs into Canada from the U.S. and through Canada. On May 29, 2013, CS-2 met and recorded a meeting with Tello and KORETSKYY in Canada. During the conversation, Tello, KORETSKYY, and CS-2 discussed transporting cocaine into Canada from Los Angeles. During part of the meeting, Tello and KORETSKYY (referred to as MIKE) discussed a route from |

1 of 2

a language barrier. (Tello referred to Los Angeles as "Lindsay," which was a reference to Lindsay Lohan.) Later in the meeting, Tello explained to CS-2 that KORETSKYY "will give us the transportation of everything from coast to coast, here in the country. That's him, that's what he does." They then discussed more shipping logistics, with KORETSKYY asking "how many pieces [Tello] want[ed]" to send each time. Tello explained that it would be "minimum of 200 [kilograms of cocaine] to start." CS-2 asked KORETSKYY whether he had been to Mexico City before, and KORETSKYY responded "Eh . . . I was in the west coast, what town I flight, I forgot?" Tello reminded KORETSKYY "we went to Mazatlan." KORETSKYY is considered a leader/organizer in the offense as he owned the trucking company, supervised/directed drivers, and organized logistics; for example, he coordinated the truck routes used for transporting the cocaine. Throughout the conspiracy, KORETSKYY successfully coordinated at least three deliveries that totaled over 450 kilograms. MYKHAYLO KORETSKYY was arrested in Curacao on January 3, 2018. He is responsible for over 450 kilograms of cocaine.

7. **Fine/Assessment/Restitution**: When sentenced, The Southern District of New York imposed a $100.00 Felony Assessment; which he paid in full in September of 2021.
8. **Prior Record**: Mr. Koretskyy does not have any prior charges
9. **Detainers or Pending Charges**: Mr. Koretskyy has a detainer with Immigration and Customs for possible deportation.
10. **Statutory Good Time/Good Conduct Time Earned**: ___162___ days.
11. **Meritorious Good Time Earned**: ___N/A___ days.
12. **Projected Release Date**: 10-15-2030
13. **Full Term Date**: 01-02-2033
14. **Credited with ___1231___ Days of Total Prior Credit Time**.

**SOCIAL DATA**

1. **Psychological Evaluation**: According to his PSI, Koretskyy impressed as coherent and relevant during the presentence interview and responded appropriately to all questions asked. He disclaimed any history of mental or emotional problems.
2. **Level of Education**: According to his PSI, the defendant, in 1994, he earned the U.S. equivalent of a Bachelor of Science degree from Polytechnical College, located in the Ukraine. Koretskyy reported that he majored in technical mechanic transport. Reportedly, in 1990, Koretskyy graduated with the U.S. equivalent of a high school diploma from the School Number 3, in Mykolaiv, Ukraine. Koretskyy speaks English, Ukrainian and Russian fluently.
3. **Employment prior to Incarceration**: According to Koretskyy from 2005 up until his arrest for the instant offense, he owned and operated Lviv Trucking Limited, located in, Toronto, ON. The defendant said that he owned six trucks and employed numerous drivers. He related that prior to his arrest, he was on the verge of filing bankruptcy. Koretskyy could not recall what his business earned annually and stated that he closed the business subsequent to his arrest for the instant offense. Business records provided by Koretskyy's wife revealed that in 2019, Lviv trucking operated at a deficit and all assets were sold. Koretskyy reported that from 2004 through 2007, he was employed as a truck driver by The Rosedale Group, located at 6845 Invader Crescent, Mississauga, ON. The defendant reported that he earned the U.S. equivalent of $1,000 weekly. He reportedly resigned this employment to open Lviv Trucking. We requested employment verification but did not receive a response. Koretskyy reported that from 2003 through 2004, he was employed as a truck driver by Vince Hammond Excavation, located in Ontario. He stated that he earned the U.S. equivalent of $1,000 weekly and resigned this employment when offered a better employment opportunity. A search for this employer's contact information was unsuccessful. The defendant reported that from 2002 through 2003, he was employed as a truck

| | |
|---|---|
| resigned this employment when offered a better employment opportunity. We requested employment verification but did not receive a response. | |
| **4. History of Substance Abuse:**<br>   Yes ( )<br>   No (X)<br>   If yes, specify substance (s): | |
| **5. Current Medical Condition:** According to the PSI, since his imprisonment he has developed back issues that have caused numbness to the left side of his back. He reportedly takes over-the-counter pain medication that he obtains from the BOP's commissary. | |
| **6. Institutional Work Experience:** Mr.Koretskyy is currently not employed at North Lake Correctional Facility. | |
| **7. Type and Number of Incident Reports Received:** Since his arrival, Mr. Koretskyy, has not incurred any incident reports at North Lake Correctional Facility. | |
| **8. Program Participation:** Mr. Koretskyy is currently not enrolled in any classes at North Lake CF, but has taken Sales and Fundamentals, Time Management, and Basic Bookeeping at a previous facility. | |

**Prepared By:**

A.Bartram / 231-876-4900              12-04-2021
Case Manager/ Phone Number              Date

**Reviewed By:**

S. Fischer / 231-876-4900               12-04-2021
Unit Manager/ Phone Number              Date



U.S. Department of Justice

Criminal Division

*Office of International Affairs*  *Washington, D.C. 20530*

## CERTIFIED CASE SUMMARY ADDENDUM

Name: **Mykhaylo Koretskyy**
Date: February 8, 2023

Register no.: **76312-054**

DOJ#: **CRM-236539-03-4-4424**

### PERSONAL DATA

**4. CURRENT PLACE OF IMPRISONMENT:** FCI Loretto, Loretto, Pennsylvania

### SENTENCE DATA SUMMARY

**10. STATUTORY GOOD TIME/GOOD CONDUCT TIME EARNED:** 270 days

**12. PROJECTED RELEASE DATE:**   Please note that the "Projected Release Date" is only relevant **if the prisoner remains in the United States**. It reflects the date that the prisoner might be released if he remains in the United States and he earns all possible good conduct time credit. Federal prisoners may earn up to 54 days of good conduct time each year. If a prisoner has had good conduct, the 54 days will be credited as "earned" only after the anniversary date of the time in custody has passed. If the prisoner transfers, he stops earning good conduct time credit and the calculation of the sentence will be according to the laws of the country administering the sentence and, in all likelihood, the actual release date will be different from the projected release date.

### SOCIAL DATA

(No corrections)

AO 245B (Rev. 09/19)   Judgment in a Criminal Case   (form modified within District on Sept. 30, 2019)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MYKHAYLO KORETSKYY | ) | Case Number: S9 12CR00439 - 004 (PAC) |
| | ) | USM Number: 76312-054 |
| | ) | Jeffrey Chabrowe (917)-529-3921 |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 963 and 960(b)(1)(B) | Conspiracy to Import Cocaine into the United States | 3/18/2021 | 1 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   Underline Indictments & Cts   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/18/2021
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Paul A. Crotty, U.S.D.J.
Name and Title of Judge

5/20/2021
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: MYKHAYLO KORETSKYY
CASE NUMBER: S9 12CR00439 - 004 (PAC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
One Hundred Eighty (180) Months.
Mr. Koretskyy's time from his arrest in Curacao, January 3, 2018, is applied towards the sentence.

☑ The court makes the following recommendations to the Bureau of Prisons:
   That the Defendant be designated as close as possible to Toronto, Canada.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: MYKHAYLO KORETSKYY
CASE NUMBER: S9 12CR00439 - 004 (PAC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) Years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: MYKHAYLO KORETSKYY
CASE NUMBER: S9 12CR00439 - 004 (PAC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __5__ of __7__

DEFENDANT: MYKHAYLO KORETSKYY
CASE NUMBER: S9 12CR00439 - 004 (PAC)

## SPECIAL CONDITIONS OF SUPERVISION

You must obey the immigration laws and comply with the directives of immigration authorities.

You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner.

You are to be supervised in the district of residence.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: MYKHAYLO KORETSKYY
CASE NUMBER: S9 12CR00439 - 004 (PAC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|------|------------------|-------------------|
| TOTALS | $ 100.00   | $           | $    | $                | $                 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---------------|---------------|---------------------|------------------------|
| TOTALS        | $ 0.00        | $ 0.00              |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: MYKHAYLO KORETSKYY
CASE NUMBER: S9 12CR00439 - 004 (PAC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __55,100.00__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
   _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
   _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
   term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
   imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
(including defendant number)        Total Amount        Joint and Several        Corresponding Payee,
                                                        Amount                   if appropriate


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
   Fifty Five Thousand dollars in U.S. currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.